No. 10,291
Orleans

LOUIS P. HAKENJAS v. L. W. WARD AND J. N. WARD, Appellants

(January 4, 1926, Opinion and Decree)

(*Syllabus by the Court.*)

1. Louisiana Digest—Bills and Notes—
   Par. 216, 218.
   In a suit upon an obligation absolute in character and free from taint on its face, where the defense of the endorser on the note is that the transaction was contra bonos mores, against public policy, and amounts to a suppression of a commission of a felony, the burden of proof is upon the person making the allegations, as well as others pleaded by him.

2. Louisiana Digest—Bills and Notes—
   Par. 87.
   The credit given to the maker of a note is consideration sufficient to bind an accommodation endorser.

Appeal from First City Court, City of New Orleans, Sec. "C", Hon. William V. Seeber, Judge.

This is a suit on promissory notes. There was judgment for plaintiff and one of the defendants, an accommodation maker and indorser, has appealed.

Judgment affirmed.

Habans and Coleman, of New Orleans, attorneys for plaintiff, appellee.

Walter G. Wedig, of New Orleans, attorney for defendant, appellant.

BELL, J.    From a judgment in favor of plaintiff, as payee, on certain promissory notes made and signed by both defendants herein, one of the defendants, L. W. Ward, as accommodation maker and indorser, has appealed. His individual and special answer to the suit is that the plaintiff is a holder without consideration; that appellant became a party to said notes upon the promise made by plaintiff to appellant and his co-defendant that a certain automobile upon which plaintiff held a chattel mortgage, and which had been sold while so encumbered to a firm known as Guillory & Dee, would not be seized by plaintiff under his mortgage; that a further consideration for which appellant executed the notes was that plaintiff himself would not bring, and that the aforesaid firm would withdraw, certain criminal charges against appellant's brother, made co-defendant herein; that the first condition as to the foreclosure of the chattel mortgage was violated by plaintiff, and that the second stipulation or agreement was *contra bonos mores*. Further answering, appellant claimed, by way of reconvention, certain amounts due for storage of the automobile. The reconventional demand, which was denied by the trial court, has been abandoned on appeal, and therefore will not be considered here.

We have searched the record in vain to find any evidence in support of the contention that plaintiff agreed, before the execution of the notes, that he would refrain from seizing the automobile in question. The aforementioned firm, in whose custody the car was, appears from the evidence to have made an assignment for the benefit

of their creditors, and when the car was subsequently seized and sold (with appellant's knowledge), plaintiff applied the proceeds of the sale to a partial liquidation of the notes here involved. As to the second defense, regarding the withdrawal of criminal proceedings against appellant's brother, the testimony of appellant is clearly to the effect that plaintiff did not make criminal charges against appellant's brother, and that whatever charges were made were subsequently dismissed by the District Attorney at the suggestion of the aforementioned firm. The burden of proof as to these special defenses has not been carried by the appellant, as the law requires.

In Yowell and Williams vs. Walker, 118 La. 28, 42 South. 635, and again in Schaffter vs. Irwin, it was held:

"In a suit upon an obligation absolute in character and free from taint on its face, where the defense of the indorser on the note is that the transaction was *contra bonos mores*, against public policy, and amounts to a suppression of a commission of a felony, the burden of proof is upon the person making the allegations, as well as others pleaded by him."

The defenses to this suit appear to us to be frivolous and unfounded, and we find no error in the judgment of the trial court.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be affirmed, appellant to pay cost of appeal.